## TOWN OF PEACHAM v. WEEKS.

### Process. Pauper.

Section 19, c. 33, of the Gen. Sts., that "every *writ* issued against any town, county, school district, or other corporation, shall be served at least thirty days before the session of the court to which it is made returnable," includes every kind of process returnable to the Supreme or County Court.

Section 40, c. 20, of the Gen. Sts., which provides that "upon the trial of all settlement cases, the time any person shall be a patient at any lunatic asylum, except inhabitants of the town in which such asylum is situated, shall not be computed as part of the time required by law to gain a legal settlement, but shall be deducted therefrom," — is mandatory.

PETITION for a writ of CERTIORARI. The case was this. The petitionee brought a complaint against the town, returnable to the December Term, 1874, of Caledonia County Court, setting up that her husband, Lewis Weeks, was, and for a long time had been, confined in the asylum for the insane at Brattleboro; that his legal settlement was in Peacham; and praying that said town of Peacham be ordered to maintain and support him at said asylum. The complaint, with citation attached, was served on the town only fifteen days before court, and the town pleaded in abatement and moved to dismiss for that reason; but the court overruled the plea and motion, and held that service twelve days before court was sufficient. The town, on trial, insisted that the said Weeks's legal settlement was not in said town, for that it had been interrupted by his confinement in said asylum; but the court held otherwise, and granted the prayer of the petition.

The petition in this case was brought to correct the proceedings in that.

J. P. Lamson, for the plaintiff, to the point that the complaint should have been served thirty days before court, cited Gen. Sts. c. 33, ss. 1, 19; and to the point that the time the said Weeks had been confined in said asylum should not be computed as part of the time required to gain a legal settlement, but should be deducted therefrom, cited Gen. Sts. c. 20, s. 40.

A. M. Dickey, contra. The complaint and citation were not a writ within the meaning of s. 19, c. 33, Gen. Sts., and twelve days' notice was all the statute required. Section 40, c. 20, was intended to apply to cases where a person has no property when sent to the asylum, and not a sufficient list to enable him to acquire a settlement in less than seven years.

The opinion of the court was delivered by

REDFIELD, J. This is a petition for a writ of certiorari. Its purpose is to bring the record of the County Court into this court for examination. The record being certified into this court, two errors are claimed, and pressed upon our consideration.

I. The petition of Miriam Weeks was served on the town of Peacham less than thirty days before the term of the County Court to which it was made returnable. The motion to dismiss said petition for this cause was seasonably filed, and overruled by the County Court. We think this was error. The provision of Gen. Sts. c. 33, s. 19, that " every writ issued against any town, county," &c., " shall be served at least thirty days before the session of the court to which it is made returnable," is quite comprehensive, and embraces every species of process returnable to the County or Supreme Court.

II. Lewis Weeks moved into Peacham in January, 1866, and was confined in the asylum at Brattleboro in September of the same year as an insane person, and has remained as an inmate of said asylum since that time. He has no settlement in the town

of Peacham, unless the time of his confinement as an insane person is to be computed as part of a continued residence in said town. Chapter 20, s. 40, of the Gen. Sts., provides that " upon the trial of settlement cases, the time any person shall be a patient at any lunatic asylum, except inhabitants of the town in which such asylum is situated, shall not be computed as part of the time required by law to gain a legal settlement, but shall be deducted therefrom." This statute is explicit and mandatory, and makes the residence of Lewis Weeks in the town of Peacham of but a few months' duration. Weeks, therefore, having no legal settlement in the town of Peacham, was not one of its paupers, and no duty was cast upon that town to support him as a patient in the asylum.

It is ordered that the writ issue ; and the record being certified up, it is ordered that the proceedings of the County Court be quashed.